IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| The Lincoln National Life Insurance Company, f/k/a Jefferson Pilot Financial Insurance Company, | ) ) ) ) | Case No.: 6:09-666-HFF |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| Ann R. Marler, Christopher G. Marler, Jr., and Deborah K. Marler, | ) ) ) | |
| Defendants, | ) | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Companion Life Insurance Company, | ) | Case No.: 6:09-834-HFF |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| Ann R. Marler, Christopher G. Marler, Jr., and Deborah K. Marler, | ) ) ) | |
| Defendants, | ) | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Deborah Kay Marler, | ) | Case No.: 6:09-1027-HFF |
| Plaintiff, | ) ) ) | |

|                                           |     |
|-------------------------------------------|-----|
| vs.                                       | )   |
|                                           | )   |
| Christopher Gregg Marler, Jr., Ann R.     | )   |
| Marler, and Reliance Standard Life        | )   |
| Insurance Company,                        | )   |
|                                           | )   |
| Defendants,                               | )   |

## <u>O R D E R</u>

**THIS MATTER COMES BEFORE THE COURT** by way of the parties' joint motion for the following relief:

First, the parties advise the court that they believe that all three of the above referenced captioned actions arise out of the same basic operative facts namely that Christopher Gregg Marler, now deceased, executed certain beneficiary designation forms naming his wife, Deborah K. Marler and/or his children, Defendants Ann R. Marler and Christopher G. Marler, Jr., beneficiaries of several life insurance policies at some point prior to December 2007. Subsequently, beneficiary forms that purport to exclude the deceased's estranged spouse, Deborah K. Marler, were executed by Mr. Marler in December 2007. Deborah Marler contests the authenticity of the December 2007 beneficiary forms (excluding her), and the competency of the decedent to execute them at that time (circa December 2007). The children believe the subject beneficiary designations are perfectly valid and were properly executed. The parties have advised the Court that they believe that the facts giving rise to each respective claim are so substantially similar that the court should consolidate the actions for the purpose of judicial efficiency and handling.

Fed.R.Civ.P. 42(a)(2) allows the court to consolidate actions involving "a common question of law or fact". Based upon the parties' representations, the court will

consolidate the three actions, with all parties' consent, only for the purposes of conducting discovery at this time. The court will decide at a later date whether any trial(s) that may be held in each of the respective three cases will be separate or consolidated.

The parties have also asked the court to lift the stay on discovery imposed by the specialized case management order ("SCMO") the court regularly employs for ERISA benefit claims. The ERISA SCMO has been issued in each of the three cases. The parties have advised that there are unusual facts in this case which they believe may warrant discovery. The parties do not agree or stipulate that any information discovered from discovery will ultimately be admissible. Each party reserves the right to object to the admissibility of any evidence offered by any party at any time. Without determining whether the court will ultimately dispose of this matter based upon an administrative record only or whether the court will consider any evidence extraneous of the administrative record, and given the consent of the parties, the court will lift the stay on discovery imposed by the specialized case management order to allow limited discovery as follows. The Defendants Ann Marler and Christopher Marler, Jr., collectively, and the party Deborah Kay Marler,[1] may each conduct the following discovery.

1.) Serve up to 25 interrogatories and 25 requests to produce on another party;

2.) Notice and conduct up to 8 depositions of a party or a non-party;

3.) Serve up to 25 requests to admit;

---

[1] Plaintiffs Lincoln National Life Insurance Company and Companion Life Insurance Company and Defendant Reliance Standard Life Insurance Company have paid their policy proceeds into the court. Plaintiffs Lincoln National Life Insurance Company and Companion Life Insurance Company shall be dismissed with prejudice. Defendant Reliance Standard Life Insurance Company shall be dismissed from this consolidated action, without prejudice. Therefore, they are not referenced in this portion of the order. Those companies are not considered parties for the purposes of discovery but they each agree submit to the jurisdiction and venue of this Court for service of subpoenas on their local counsel.

4)      Issue document subpoenas to non-parties; and

5)      Retain, identify and/or depose expert witnesses, as appropriate;

In light of the court lifting the stay on discovery and consolidating these actions, the parties shall, within fifteen (15) days from the date of this order, hold a conference pursuant to Fed.R.Civ.P. 26(f) and within seven (7) days from the date of that conference, the parties shall file a proposed scheduling order with the court for the consolidated cases consent with this order. The interpleader of the life insurance proceeds described in footnote 1 does not in any way affect any parties' rights regarding any claim for accidental death and dismemberment benefits against The Lincoln National Life Insurance Company and Companion Life Insurance Company, which claims may or may not be pending with those companies. As stated below, Reliance Standard Life Insurance Company has interpleaded its accidental death and dismemberment benefits, but not the disputed life insurance proceeds. After depositing their respective proceeds as previously ordered by this Court, Companion and Lincoln Financial will be dismissed with prejudice from this action. Defendant Reliance Standard Life Insurance Company shall be dismissed without prejudice. Companion, Lincoln Financial, and Reliance Standard shall each bear their own respective attorney's fees and costs. The parties shall submit a notice of deposit and short proposed order dismissing Companion and Lincoln Financial and Defendant Reliance Standard Life Insurance Company with or without prejudice as appropriate.

With regard to the parties' claims against Defendant Reliance Standard Life Insurance Company, Deborah Marler contends that she and the children have conflicting claims to the Reliance Standard Life Insurance Company accidental death insurance

policy proceeds that were deposited with the court. Marler's claims to those interpeaded

funds may arise out of her dispute related to the life insurance benefits previously paid by

Reliance to Defendants Ann R. Marler, Christopher G. Marler, Jr., under the life

insurance policy. Christopher Gregg Marler and Ann R. Marler do not concede that

Plaintiff Deborah Marler has filed any claim and dispute that fact. Nonetheless, the

parties stipulate that their pleadings shall be construed to assert claims related to the

funds deposited by Reliance Standard Life Insurance Company.

     **WHEREFORE, it is ORDERED, ADJUDGED AND DECREED** as set forth

above.

                                  **s/Henry F. Floyd**
                                  The Honorable Henry F. Floyd
                                  United States District Court Judge

Date: August 5, 2009

**WE SO MOVE:**                            **WE SO CONSENT:**

s/ Robert E. Hoskins                     s/ Theodore Willard
Robert E. Hoskins, Esq.                 Theodore Willard, Esq.
Foster Law Firm, L.L.C.                 Montgomery Willard, LLC
Attorneys for Defendants               Attorneys for Plaintiffs Lincoln National
   Ann R. Marler and Christopher          Life Insurance Company and
   G. Marler, Jr.                       Companion Life Insurance Company

**WE SO CONSENT:**                  **WE SO CONSENT:**

s/ Duke Highfield                        s/ Edwin Turnage
Duke Highfield, Esq.                    Edwin Turnage, Esq.
Young, Clement, Rivers, LLP           Harris & Graves, P.A.
Attorneys for Defendant Reliance      Attorneys for Defendant Deborah Kay
   Standard Life Insurance Co.         Marler